IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CLAUDIE OCHOA

Plaintiff

vs

PATRICK R. DONAHOE, in his official capacity as Postmaster General of the United States Postal Service

Defendant

CIVIL 11-1296CCC

**OPINION AND ORDER**

Plaintiff Claudie Ochoa (Ochoa) filed this action against Patrick R. Donahoe (Donahoe) in his official capacity as Postmaster General of the United States claiming that she has been retaliated for engaging in protected activity while being employed at the United States Postal Service (USPS) in violation of 42 U.S.C. § 2000e-3(a), the anti-retaliation provision of Title VII of the Civil Rights Act.[1]  Plaintiff avers in her Complaint (docket entry 1) having exhausted the required administrative remedies by filing in 2009 a formal administrative complaint against her employer also based on retaliation. She identifies in her Complaint in this case her prior protected activity as consisting of three previous EEO cases, one filed in 2001 and two filed in 2007. Complaint, at ¶ 5. The retaliatory acts which she allegedly suffered as a result of that protected activity, as related in the Complaint where she numbered them as "causes of action," consisted of the following:

• In 2005, plaintiff was placed as Manager of the San Juan 65th Infantry Station but with a Grade 20 although the position supposedly required a Grade 22.

---

[1]Title VII has both a substantive anti-discrimination provision, 42 U.S.C. § 2000e-2(a), and an antiretaliation prohibition, 42 U.S.C. § 2000e-3(a). See also Thompsom v. North American Stainless, LP, 131 S.Ct. 863, 868 (2011); Burlington North & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2411 (2006). While plaintiff does not specifically identify the Title VII statutory provision under which she is bringing her claim, she repeatedly states in the Complaint (docket entry 1) when describing the acts endured by her that they were "due to plaintiff's prior EEO activity" and were "clearly retaliatory." See Complaint, at ¶¶ 6, 8, 10 and 13.

CIVIL 11-1296CCC                                        2

- Plaintiff states that at least since 2002 she was entitled to receive a Grade 22, but that the USPS refused to correct her grade from 20 to 22. <u>See</u> Complaint's First Cause of Action, at ¶ 5.

- Around November of 2008, plaintiff was issued a letter of warning for an alleged failure to perform her duties, mainly that the Post Office had failed to meet the goal of scanning the mail in the P.O. boxes by 11:00 AM. <u>See</u> Complaint's Second Cause of Action, at ¶ 7.

- Plaintiff further claims that due to previous violations of her rights by the USPS, she had to receive psychiatric treatment which included taking daily medications that impaired her driving and operating machinery. The medications were to be taken daily at 5:00 PM, her regular departure time, which prompted her to begin arriving at 6:00 AM instead of at 8:00 AM in order to fulfill her 8 daily hours of work and leave 2 hours before 5:00 PM. She avers that said "reasonable accommodation" was denied by her direct supervisor, supported by the Manager of Human Resources, and that she was discounted two hours daily from her annual leave, taken of the automatic timekeeping and forced to punch the time clock as any other regular employee, and that she was stripped of other management privileges like her official cellular end e-mail communication. No specific timeframe is given in the Complaint for these events. <u>See</u> Complaint's Third Cause of Action, at ¶ 9.

- Plaintiff was offered the position of Postmaster in the Fajardo Postal Station with a Grade 21, but with the condition that she would drop her EEO complaints, which she refused to do. No specific date was given for this event in the Complaint. <u>See</u> Complaint's Fourth Cause of Action, at ¶ 11.

CIVIL 11-1296CCC                                        3

- Plaintiff was assigned to the Cataño station which allegedly entailed great hardship due to her health, medical drugs and distance involved. Again, no specific date is given in the Complaint for this event. See Complaint's Fourth Cause of Action, at ¶ 12.

On April 23, 2012, defendant Donahoe filed a Motion for Summary Judgment (**docket entry 9**) and Memorandum in Support (docket entries 11 and 12). Plaintiff filed her opposition on March 16, 2012 (docket entry 14), to which defendant replied on July 26, 2012 (docket entry 20). The request for summary disposition of plaintiff's claims is based on three main arguments: her failure to exhaust administrative remedies as to one of the events alleged in the Complaint, lack of temporal proximity between the prior EEO activity and some of the retaliatory events raised in the administrative and judicial complaints, and that defendant had legitimate, non-discriminatory reasons for all the actions taken against plaintiff which she labeled as retaliatory. We address each of these arguments seriatim, but not before outlining the undisputed, core relevant facts.

### The core undisputed facts

The Court has carefully reviewed all the attachments submitted by the parties in their respective filings related to the request for summary judgment. Those documents establish that Ochoa filed EEO complaints against the USPS on four separate occasions: November 27, 2001, April 12, 2007, July 12, 2007, and March 16, 2009. See Attachment 2B to defendant's Statement of Uncontested Material Facts (docket entry 10-5). This last filing was a retaliation complaint based on her previous EEO activity, assigned case No. 4A-006-0022-09, in which she originally only claimed as an act of retaliation that she was "given several disciplinary actions, PDI's for alleged violations." The date identified in said March 16, 2009 complaint for that act of retaliation was November 14, 2008. See Attachment 2 to defendant's Statement of Uncontested Material Facts (docket

CIVIL 11-1296CCC					4

entry 10-3).  That March 16, 2009 administrative complaint for retaliation was subsequently amended on October 19, 2009, however, and listed then as the acts of retaliation accepted for investigation by the EEOC the following:

1. On November 3, 2008, Complainant was issued a Letter of Warning, and;

2. Since on or about November 20, 2008, Complainant has been subjected to hostile work environment harassment including verbal abuse from the Supervisor, false accusations and improper charging of leave.

3. On August 20, 2009, the complainant was notified she was being reassigned to the position of Manager, Customer Services, EAS 20, at the Cataño, PR Post Office;

4. On August 21, 2009, the complainant was notified she was not selected for the Postmaster, EAS-21, position in Fajardo, PR; and

5. On August 24, 2009, the complainant was notified she was being temporarily reassigned as OIC Luquillo, PR Post Office effective August 29, 2009.

See Attachment 2A to defendant's Statement of Uncontested Material Facts (docket entry 10-4), p. 00065.

**Failure to exhaust administrative remedies**

Defendant first avers that, while plaintiff included in the Complaint filed in this case as one of the acts of retaliation suffered by her that she was not promoted from a Grade 20 to a Grade 22 position, she failed to include said claim in her administrative retaliation complaint. In her opposition, plaintiff blabbers extensively that this specific discriminatory action extended for years and allegedly constituted a continuing violation, but fails to address the exhaustion argument.  It is settled law that prior to filing a Title VII claim in court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC.  Franceschi v. U.S. Dept. of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008). "The failure to exhaust this administrative process 'bars the courthouse door." Id. (quoting Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999).  Given that plaintiff

CIVIL 11-1296CCC                                      5

failed to include her failure-to-promote claim in the administrative complaint, she cannot now raise it in court for the first time. Accordingly, said failure-to-promote claim, the first cause of action of plaintiff's Complaint, is ORDERED DISMISSED for her failure to exhaust administrative remedies.

### **Temporal proximity between prior EEO activity and claimed retaliatory events**

Defendant further argues that plaintiff has not established a causal connection between her prior EEO activity and the adverse employment actions first alleged in the administrative complaint and later included in her judicial Complaint, claiming that all her prior EEO activity took place more than one year before the instant action was filed. Plaintiff has failed to address this argument in her opposition.

As highlighted above, plaintiff's EEO activity prior to the filing of her retaliation administrative complaint on March 16, 2009 consisted of administrative complaints filed on November 27, 2001, April 12, 2007 and July 12, 2007. In turn, the retaliatory acts that allegedly took place as a consequence of those three EEOC complaints occurred on November 3, 2008 (letter of warning), November 20, 2008 (harassment, verbal abuse, improper charging of leave), August 20, 2009 (reassignment to Cataño), August 21, 2009 (not selected for Fajardo) and August 24, 2009 (reassignment to Luquillo).

It is axiomatic that to prove a claim of retaliation under Title VII, a plaintiff must establish that (1) she engaged in protected conduct; (2) she experienced an adverse employment action; and (3) there was a causal connection between the protected conduct and the adverse employment action. Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 25 (1st Cir. 2004). As to the last prong, in Calero-Cerezo the Court of Appeals noted, referring to the Supreme Court's decision in Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S.Ct. 1508 (2001), that to establish a causal connection between protected activity and an adverse employment action the temporal proximity must be "very

CIVIL 11-1296CCC                                6

close", and further acknowledged cases from other circuits where "[t]hree and four month periods [had] been held insufficient to establish a causal connection based on temporal proximity." Calero-Cerezo, *supra*.

      Certainly, a period of more than one year between the protected activity and the adverse employment action would fail to establish a causal connection by temporal proximity. All the adverse employment actions alleged by plaintiff in her administrative retaliation complaint happened more than one year after the filing of her last EEOC complaint in July 12, 2007. That, by itself, would doom any of those claims later asserted in her judicial complaint before this Court. We do note, however, that three of those adverse employment actions materialized after the administrative retaliation complaint, in itself a protected activity, had already been filed on March 16, 2009. All those three events took place in a spur of alleged retaliatory activity that developed in August 2009, five (5) months after the filing of the administrative retaliation complaint and while said complaint was still pending adjudication: the August 20, 2009 reassignment to Cataño, the August 21, 2009 rejection for the position in Fajardo, and the August 24, 2009 reassignment to Luquillo.

      It is evident, then, that there is no temporal proximity between the July 12, 2007 EEOC complaint and both the November 3, 2008 letter of warning and November 20, 2008 harassment incidents. The substantial delay, in excess of 15 months, between the last protected activity and those two adverse actions is fatal to both claims later reasserted as the second and third causes of action in plaintiff's Complaint for the element of causation has not been established for either. Accordingly, both the second and third causes of action of plaintiff's Complaint are now ORDERED DISMISSED.

      The situation is different for the adverse employment actions occurring in August 2009, which followed the protected activity of March 2009. Given that the March 2009 administrative complaint was still pending before the agency when those

CIVIL 11-1296CCC                                         7

adverse employment actions were taken -- it was not dismissed until January 2011[2] -- we are not convinced that, as to those three events, plaintiff has failed to show the required causal connection between protected activity and adverse employment action as defendant so strongly alleges. Accordingly, the fourth cause of action of plaintiff's Complaint, which is based on two of those three adverse employment actions, survives the dismissal requested on temporal proximity grounds.

### Defendant's legitimate, non-discriminatory reasons for the adverse actions

As a final attack in his attempt to obtain summary disposition of all of plaintiff Ochoa's claims, defendant Donahoe posits that he had legitimate, non-discriminatory reasons for the adverse employment actions imposed upon her. On this matter, after reviewing all the documentary evidence on record, we are convinced that there are genuine and material issues of fact that preclude the entry of summary judgment as a matter of law on plaintiff's surviving claims. The fourth and fifth causes of action of plaintiff's Complaint must be adjudicated at a trial on the merits.

### Conclusion

For the reasons stated above, the first, second and third causes of action of plaintiff's complaint are ORDERED DISMISSED, with prejudice. Partial judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 15, 2013.


                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge

---

[2]See Complaint, ¶ 2, which defendant admitted in his Answer (docket entry 6), at ¶ 2.